SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

13-2497

ORIGINAL

------------------------------------------------------------x

JOEL MCCRAY,

                                            Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER JOTWO
EDWARDS, shield 20181, POLICE OFFICER KENNETH
BURKE, shield # 2581,

                                            Defendants.

**COMPLAINT**

Jury Trial Demanded

TOWNES, J.
AZRACK, M.J.

------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against the City of New York and two New York City Police Officers alleging that, on February 5, 2012, defendants violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by using unreasonable force on him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. Plaintiff is a resident of Brooklyn.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

8. On February 5, 2012, Police Officers Jotwo Edwards and Kenneth Burke responded to Pacific Street and Fourth Avenue in Brooklyn after plaintiff's girlfriend Debbie Joshua falsely accused plaintiff of assaulting her.

9. Although plaintiff was compliant and did not assault or threaten the officers, one defendant held plaintiff while a second defendant punched plaintiff several times in the face before and after plaintiff was handcuffed.

10. An ambulance took plaintiff from the scene to Kings County Hospital where plaintiff was diagnosed with multiple nasal bone fractures and lacerations which required five sutures.

11. After being treated at Kings County Hospital, plaintiff was taken to an unknown precinct where the defendants caused plaintiff to be falsely charged with assaulting the defendants and plaintiff's girlfriend Debbie Joshua.

12. After suffering from chest pains in the precinct, the NYPD took plaintiff to Woodhull Hospital for treatment.

2

13. Plaintiff was treated and released from Woodhull Hospital and subsequently arraigned on charges of assaulting the defendants and Debbie Joshua.

14. The false charges were dismissed on February 13, 2013.

15. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain and injuries, including a fractured nose and lacerations which required sutures. Plaintiff has difficulty breathing out of his nose to this day as a result of the fracture.

### FIRST CLAIM

### (UNREASONABLE FORCE)

16. Plaintiff repeats the foregoing allegations.

17. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injury.

18. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

### SECOND CLAIM

### (FAILURE TO INTERVENE)

19. Plaintiff repeats the foregoing allegations.

20. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

21. Accordingly, the defendants are liable to plaintiff under the Fourth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## THIRD CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

22. Plaintiff repeats the foregoing allegations.

23. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

24. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

25. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

26. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

27. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:     April 25, 2013

 

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391